## PATTERSON v KRESGE CO

Ohio Appeals, 9th Dist, Summit Co

No 2449.  Decided March 19, 1935

Gottwald & Breiding, Akron, for plaintiff in error.

Amer, Sophrin & Cunningham, Akron, for defendant in error.

## OPINION

By STEVENS, J.

In the trial below, defendant's counsel, in cross-examination of plaintiff and his wife, asked certain questions from depositions taken in the wife's case against this defendant, which tended to show that answers to certain questions made in the depositions were inconsistent with the testimony given by said witnesses in this case. The questions were taken from various parts of the depositions, and were not asked in the sequence in which they appeared in the depositions.

Upon redirect examination by plaintiff's counsel, he attempted to offer other answers to questions contained in the depositions which would show the whole transactions concerning which defendant's counsel had interrogated, and which it was claimed would explain said answers, and upon objection by defendant's counsel, the court refused to permit plaintiff to show such other answers, stating that they were not proper at that time; and the court further stated that he doubted whether they would be proper at all. To that ruling plaintiff excepted.

The ruling in question was undoubtedly prompted by the belief upon the part of the trial judge that such questions, if proper at all, could be asked only in rebuttal, and not on redirect examination; and in so far as the witnesses denied making such answers in the depositions, such ruling was proper.

It will be observed, however, that many of the questions asked by counsel for defendant resulted in admissions by the witnesses that such answers had been made in the depositions, and as to those answers, the plaintiff had the right on re-examination to introduce other answers in the depositions, if there were any such, which would explain or qualify or harmonize such answers, and plaintiff had the right to show the circumstances under which said answers were made; but the record does not show that the plaintiff proffered any answers which would so explain or qualify or show circumstances which would explain the discrepancies claimed by the defendant, and therefore the ruling of the court was not erroneous.

Counsel for plaintiff further complain that the trial court erred in refusing plaintiff's counsel the right to cross-examine defendant's witness Leo Mammer upon the subject as to whether or not other women customers had fallen at the same place and under similar circumstances, prior to the fall of plaintiff's wife.

It will be remembered that plaintiff's action was in part predicated upon the claim of maintenance of a nuisance by defendant, and in that connection, **17 O. Jur., "Evidence," §183, p. 239,** is illuminating:

"Evidence of prior similar accidents is admissible for two purposes, and two purposes only. In all cases in which evidence of other accidents occurring at the same place * * * is admitted, it is admitted (1) for the purpose of showing the dangerous character or condition thereof—whether or not a dangerous condition existed, and (2) to show notice to the defendant of such character or condition thereof—whether or him notice of the danger or defect which is claimed to have caused the accident. But distinctly such evidence is not admissible for the purpose of showing negligence on the part of the defendant * * * in permitting a place to exist in such condition, or in doing such an act as he is charged with * * *."

It is our opinion that the evidence sought to be elicited from the witness Mammer upon cross-examination as to prior occurrences which happened under practically the same conditions as the occurrence under consideration, was competent upon the question of whether the claimed defect was dangerous because of the place where it existed, and therefore constituted a nuisance, and also upon the question of notice thereof; and the refusal of the court to admit such testimony constituted error. It would be, however, the duty of the court, upon admitting such testimony, to expressly limit the purposes for which it might be received, in accordance with the above rule.

Brewing Co. v Bauer, 50 Oh St 560.

Jaffe v Powell, 121 Oh St 355.

The conclusion here reached is in accord with the decided weight of authority upon the subject.

65 A.L.R. 380.

Upon application for rehearing, our attention has been called to the fact that no proffer was made which would show that it was expected, by counsel for plaintiff, that competent evidence, tending to prove that other customers, at or shortly before the time in question, had fallen under the same or similar circumstances, would be elicited.

In that connection it must be remembered that this was cross-examination, that counsel called the court's attention to the

fact that the inquiry "goes to the question of notice here, and dangerous condition," that counsel inquired of the court, "May I not pursue that line of inquiry?" and that the court's answer thereto was "No."

We think that the purpose of the inquiry was apparent to the court, and that the ruling of the court was such as rendered it unnecessary to make a proffer in order to save the question .of the claimed error.

We find no merit in the contention with reference to error in the charge before argument.

A consideration of the entire record herein discloses a very close question as to liability, and we are impelled to the conclusion that, while the errors in the admission and rejection of evidence might not, in and of themselves, under other circumstances, constitute prejudicial error, yet the refusal to admit the evidence offered, under the circumstances here shown, probably did have a very substantial effect in influencing the jury in favor of the defendant. In this situation, the demands of justice require a reversal of this judgment.

Judgment reversed and cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.